CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/6/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

**IN THE U.S. DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**(Lynchburg Division)**

**PLANET HOME LENDING, LLC** *
*and* *
**TRUSTEE SERVICES OF VIRGINIA, LLC** *
*Plaintiffs,* *
**v.** * **Civil Action No:** 6:26cv00122
*
**SECRETARY OF U.S. DEPARTMENT OF** *
**HOUSING AND URBAN DEVELOPMENT** *
*Serve:* The Honorable Robert N. Tracci *
First Assistant U.S. Attorney for the Western District of Virginia *
*at:* 310 1st Street S.W., Room 906 *
Roanoke, Virginia 24011 *
*And serve via Certified Mail:* *
Todd W. Blanche, *
Attorney General of the United States *
950 Pennsylvania Avenue *
Washington, D.C. 20530-0001 *
*And serve via Certified Mail:* *
The Honorable Scott Turner, *
Secretary of Housing and Urban Development *
451 7th Street, S.W. *
Washington, D.C. 20410-0001 *
*
**JEWELS LASHAY CUNNINGHAM** *
**f/k/a Jewels Cunningham Mitchell** *
*Serve at:* 15 Baldwin Street *
Danville, Virginia 24541 *
*Defendants.* *

## COMPLAINT FOR A JUDICIAL SALE

COME NOW the Plaintiffs, by counsel, respectfully requesting that this Honorable Court enter an order authorizing a judicial foreclosure sale for the real property commonly known 15 Baldwin Street, Danville, Virginia, and more fully described in paragraph 14 of this Complaint (hereinafter "Property"), pursuant to the authority granted by 28 U.S. Code § 2201 and the requirements of 28 U.S.C. § 2410(c), and in support thereof state as follows:

1. This Complaint is a request for a judicial sale that is necessitated by there being a "Partial Claim Deed of Trust" and a "Partial Claim Mortgage" recorded in the chain of title for the

Property.

2. Said instruments are junior liens and provide security interests to the Secretary of the U.S. Department of Housing and Urban Development for the repayment of two promissory notes that are payable to the Secretary.

3. Planet Home Lending, LLC (hereinafter "Planet") is the current holder of the Note for a August 25, 2021 purchase-money mortgage loan, and the beneficiary of a first Deed of Trust that encumbers the Property.

4. Planet respectfully requests that the Property be sold, via a judicial foreclosure sale, in order to satisfy the balance of the first mortgage loan, which is in default for nonpayment.

**PARTIES**

5. Planet is a Delaware limited liability company that is also registered with the Virginia State Corporation Commission.

6. Planet has its principal place of business in Meriden, Connecticut, and offers, holds, and services residential mortgage loans.

7. Planet is the current holder of the Note for the first mortgage loan and beneficiary of the first Deed of Trust that is recorded as a lien in the chain of title for the Property.

8. Trustee Services of Virginia, LLC is a limited liability company, that is registered with the Virginia State Corporation Commission, and is the appointed Substitute Trustee of August 25, 2021 Deed of Trust securing Planet.

9. The U.S. Department of Housing and Urban Development (HUD) is an agency of the United States Government.

10. The Secretary of HUD is the obligee of two promissory notes, one secured by a Partial Claim Deed of Trust and one secured by a Partial Claim Mortgage, recorded in the chain of title for the Property.

11. Jewels Mitchell is the current owner of record of the Property. Upon information and belief, she is a resident of the Commonwealth of Virginia.

**JURISDICTION AND VENUE**

12. Federal jurisdiction is proper pursuant to 28 U.S. Code § 2410, and 28 U.S. Code § 1346 as an agency of the United States is a named defendant and a necessary party to the Plaintiffs' cause of action.

13. Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) as the Property at issue is situate within the boundaries of the Lynchburg Division of the United States District Court for the Western District of Virginia.

**FACTUAL ALLEGATIONS**

14. Via a "Deed of Bargain and Sale" dated January 20, 2021, Jewels Mitchell (hereinafter "Mitchell") became the sole owner of record of the real property legally described as

> BEGINNING at a point in the western margin of Baldwin Street, at which point the dividing line between Lots B and C intersects the "existing right-of-way" line of Baldwin Street, as shown on the hereinafter described map; thence along the dividing line between Lots A and B along Lot C, N. 77° 29' 50" W. 137.97 feet to an existing iron; thence along the line of Lot No. 29, N. 12° 20' 09" E. 59.49 feet to an existing iron; thence S. 77° 38' 42" E. 118.59 feet to a point in said "existing right-of-way" line of Baldwin Street, thence along said "existing right-of-way" line of Baldwin Street, S. 05° 36' 14" E. 62.91 feet to the point and place of beginning, and being, in fact, ALL OF LOT C, containing 0.176 acre, as shown on Plat of Survey for Bennie L. Griffin, dated April 14, 1981, made by Dewberry & Davis, Engineers-Surveyors, which is recorded in the Clerk's Office of the Circuit Court of the City of Danville, Virginia, in Deed Book 780, at page 136,

and commonly known as 15 Baldwin Street, Danville, Virginia (hereinafter "Property").

15. Said Deed is recorded among the land records of the City of Danville Circuit Court as Instrument 210003805, and a true and accurate copy thereof is attached hereto as **Exhibit A**.

16. In order to purchase the Property, Mitchell entered into a purchase-money mortgage loan with Planet.

17. As part of that mortgage loan, Mitchell executed a Note for $143,846.00 and a Deed of

Trust granting a security interest in the Property to the named beneficiary of the Deed of Trust.

18. The Note and Deed of Trust are each dated August 25, 2021.

19. The Deed of Trust granted a security interest in the Property to the named beneficiary thereof to ensure repayment of the promissory note for $143,846.00.

20. Said Deed of Trust is recorded among the land records of the City of Danville Circuit Court as Instrument 210003806, and a true and accurate copy thereof is attached hereto as **Exhibit B**.

21. The August 25, 2021 Deed of Trust (Exhibit B) named Mortgage Electronic Registration Systems (MERS) as its beneficiary.

22. Via an "Assignment of Deed of Trust" executed on January 23, 2024, MERS assigned its interest in the August 25, 2021 Deed of Trust to Ameris Bank.

23. Said assignment is recorded among the land records of the City of Danville Circuit Court as Instrument 240000467, and a true and accurate copy thereof is attached hereto as **Exhibit C**.

24. Via a "Notice of Assignment of Deed of Trust" executed on March 19, 2025, Ameris Bank assigned its interest in the August 25, 2021 Deed of Trust to Planet.

25. Said assignment is recorded among the land records of the City of Danville Circuit Court as Instrument 250000998, and a true and accurate copy thereof is attached hereto as **Exhibit D**.

26. Via an "Appointment of Substitute Trustee" executed on March 30, 2026, Planet appointed Trustee Services of Virginia, LLC as Substitute Trustee of Mitchell's August 25, 2021 Deed of Trust (Exhibit B).

27. Said appointment is recorded among the land records of the City of Danville Circuit Court as Instrument 260001784, and a true and accurate copy of said Appointment of Substitute

Trustee is attached hereto as **Exhibit E**.

28. In February of 2024, Mitchell was offered, and did enter into, a loan modification whereby the balance of her August 25, 2021 mortgage loan (Exhibit B) was reduced by $8,790.29 by transferring that amount to a junior mortgage loan with HUD.

29. As part of her first mortgage loan with HUD, Mitchell executed a promissory note for $8,790.29, payable to the Secretary of HUD, and a "Partial Claim Deed of Trust" in favor of the Secretary of HUD.

30. The promissory note and the Partial Claim Deed of Trust are each dated February 12, 2024.

31. Said Partial Claim Deed of Trust granted a security interest in the Property to the Secretary of HUD to ensure repayment of the promissory note for $8,790.29.

32. The Partial Claim Deed of Trust is recorded among the land records of the City of Danville Circuit Court as Instrument 240001079, and a true and accurate copy thereof is attached hereto as **Exhibit F**.

33. In September of 2025, Mitchell was offered, and did enter into, a loan modification whereby the balance of her August 25, 2021 mortgage loan (Exhibit B) was reduced by $10,253.87 by transferring that amount to a second mortgage loan with HUD.

34. As part of her second mortgage loan with HUD, Mitchell executed a promissory note for $10,253.87, payable to the Secretary of HUD, and a "Partial Claim Mortgage" in favor of the Secretary of HUD.

35. The second promissory note and the Partial Claim Mortgage with HUD are each dated August 19, 2025.

36. Said Partial Claim Mortgage granted a security interest in the Property to the Secretary of HUD to ensure repayment of the promissory note for $10,253.87.

37. The Partial Claim Mortgage is recorded among the land records of the City of Danville Circuit Court as Instrument 250003568, and a true and accurate copy thereof is attached hereto as **Exhibit G**.

38. On January 15, 2026, in the City of Danville Circuit Court, Jewels Cunningham Mitchell had her name legally changed to Jewels Lashay Cunningham. A copy of the "Order for Change of Name" is attached hereto as **Exhibit H**.

39. Upon information and belief, there are no other persons or entities that currently have an interest in the Property who would be considered a necessary party to this matter.

**Count I - Request for a Court-Ordered Sale**

40. The Plaintiffs hereby restate and incorporate in full paragraphs 1 through 39 above.

41. In October of 2025, Mitchell's August 25, 2021 mortgage loan with Planet (Exhibit B) fell into default for nonpayment.

42. Due to said loan default, a notice of default/breach letter was sent to Mitchell on January 5, 2026, the default was not cured, and the balance of Mitchell's August 25, 2021 mortgage loan has been accelerated.

43. In order to collect the accelerated balance of the August 25, 2021 mortgage loan, Planet wants to enforce its rights in the Property by having the substitute trustee of the August 25, 2021 Deed of Trust execute the power of sale provision found within the Deed of Trust. See Exhibit B § 24.

44. However, because the Secretary of HUD also has security interests in the Property via a Partial Claim Deed of Trust and a Partial Claim Mortgage (see Exhibits F and G), a Court-ordered sale is required.

45. 28 U.S.C. § 2410(c) mandates that "an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek [a] judicial sale." *Id.*

46. Case law out of the United States Court of Appeals for the Eighth Circuit has specifically held that a non-judicial sale cannot and does not clear title to real property against which liens are held by the United States. See *Show Me State Premium Homes, LLC v. McDonnell*, 74 F.4th 911 (2023).

47. In *Show Me*, the Eighth Circuit held that a state tax sale for real property did not clear title to that property, in which the U.S. Department of HUD held security interests via the liens of its two mortgages loans, because there was no judicial action wherein the United States was a party.

48. In *Show Me*, the Court of Appeals reasoned that,

> "[28 U.S.C. § 2410] waives sovereign immunity for, among other things, "civil action[s] ... to foreclose a mortgage or other lien." *Id.* § 2410(a)(2). But, according to the statute, there must be a "judicial sale" first. *Id.* § 2410(c)". *Id*. at 913.

49. Without a judicial action, in which the United States is a party, followed by a judicially-authorized sale, a lien of the United States remains undisturbed against real property that is sold via a foreclosure sale.

50. Furthermore, even with a judicial sale occurring, the Secretary of HUD is statutorily entitled a one-year redemption period pursuant to 28 U.S. Code § 2410(c). Said redemption period interferes with the ability to sell the Property free and clear of all liens and encumbrances.

51. The term "judicial sale" is not defined, but applicable case law has made clear that a judicial sale requires a Court-ordered sale of the property.

> "Although the Fourth Circuit has not addressed this issue as definitively as the Eighth Circuit, courts in this district have reached the same conclusion. For example, in *Truist Bank et al [ ] v. Sec'y of the Dep't of Hous. & Urb. Dev. et al*, the Court explained that "when a sale does not emanate from a judgment, it cannot be said to be judicial, and therefore, the requirements of §§ 2410(a) and (c) are not met." No. 2:24-cv-00454 (E.D. Va. Apr. 29, 2025) (citing *Kasdon v. United States*, 707 F.2d 820, 822–23 (4th Cir. 1983)). In *Kasdon*, the Fourth Circuit affirmed the district court's finding that the United States had not waived its sovereign immunity because the tax sale was not a judicial sale as contemplated by § 2410(c). 707 F.2d at 822 (citing *Kasdon v. G.W. Zierden Landscaping, Inc*., 541 F. Supp. 991 (D. Md.

> 1982)). In reaching its decision, the district court acknowledged that while "[w]hat may accurately be denominated as a judicial sale is not very well settled," ***the sale "must be based upon an order, decree or judgment directing sale***." *G.W. Zierden*, 541 F. Supp. at 996 (quoting *A.H. & R.S. Coal Corp. v. United States*, 461 F.Supp. 752, 755 (W.D. Pa. 1978)). Accordingly, the Court finds that "because the United States, through the HUD Loan, has an interest in the Property, a judicial sale is necessary because only in such circumstances does the United States waive its sovereign immunity which may allow the Property to be sold free and clear of all liens and claims." *Truist Bank*, No. 2:24-cv-00454." *Mid-Island Mortgage Corporation, et al. v. Secretary of Housing and Urban Development, et al.*, Civil Action No. 1:24-cv-2357, "Report and Recommendation", ECF 42, pg 15, ¶1, (EDVa 12/23/2025)(emphasis added).

52. Because 28 U.S.C. § 2410(c) also provides, "In any case where the United States is a bidder at the judicial sale, …", it stands to reason that the term "judicial sale" can mean a Court-ordered foreclosure sale.

53. Furthermore, the relief requested herein is in line with the contractual remedy that is specifically provided for in the August 25, 2021 Deed of Trust in the event of a loan default for nonpayment. See Plaintiffs' Exhibit B § 24.

54. The Plaintiffs now respectfully request that this Honorable Court authorize a judicial foreclosure sale for the Property pursuant to 28 U.S. Code § 2201 so that the Plaintiffs can comply with the requirements of 28 U.S.C. § 2410(c) with respect to the United States having two recorded liens against the Property.

WHEREFORE, for the reasons so stated above, the Plaintiffs by counsel respectfully request that (i) the Court enter an Order that authorizes a judicial foreclosure sale of the Property, (ii) the Court waive the one-year redemption period that the Secretary of HUD is entitled to pursuant to 28 U.S. Code § 2410(c), and (iii) the Court grant the Plaintiffs such further relief as the Court deems necessary and/or appropriate

Respectfully submitted,

**PLANET HOME LENDING, LLC**
*and*
**TRUSTEE SERVICES OF VIRGINIA, LLC**
*by Counsel*

October 6, 2026

/s/ Robert Oliveri

Robert Oliveri, Esquire (VSB #47247)
BROCK & SCOTT, PLLC
484 Viking Drive, Suite 170
Virginia Beach, Virginia 23452-7321
757-255-5286 (direct)
703-840-4279 (facsimile)
robert.oliveri@brockandscott.com
*Counsel for the Plaintiffs*